# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **OWAIIAN M. JONES,** | |
| Plaintiff, | Case No. 7:14CV00410 |
| v. | **OPINION** |
| **UNITED STATES OF AMERICA, ET AL.,** | By: James P. Jones |
| | United States District Judge |
| Defendants. | |

*Owaiian M. Jones, Pro Se Plaintiff.*

Plaintiff Owaiian M. Jones, a Virginia inmate proceeding pro se, has filed a civil action against the United States and a judge of this court, seeking monetary damages for the judge's allegedly racist views and refusal to recuse himself from Jones' cases. Given the nature of Jones' claims, the court construed and docketed the action as a complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331. After review of the complaint, I conclude that the lawsuit must be summarily dismissed as frivolous.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28

U.S.C. § 1915A(b)(1), (2).  An inmate's complaint may be summarily dismissed under this section if it fails to allege "'enough facts to state a claim to relief that is plausible on its face.'"  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A "frivolous" claim is one that "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

An individual may bring a civil suit against a federal officer for damages stemming from a constitutional violation.[1]  *Bivens*, 403 U.S. at 392.  Judges, however, enjoy absolute immunity against civil claims for monetary damages for actions taken in their judicial functions.  *Stump v. Sparkman*, 435 U.S. 349, 364 (1978). The well established purpose of absolute immunity is "to insulate the decisionmaking process from the harassment of prospective litigation."  *Westfall v. Erwin*, 484 U.S. 292, 295 (1988) (superseded by statute on other grounds).

My statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios."  *Neitzke,* 490 U.S. at 327-28.  Jones'

---

[1] Under the well established legal doctrine of sovereign immunity, the United States cannot be sued under *Bivens* for constitutional violations.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).  Thus, Jones' claim against the United States for damages under *Bivens* must be dismissed as frivolous.

-2-

Case 7:14-cv-00410-JPJ-RSB   Document 2   Filed 08/06/14   Page 2 of 3   Pageid#: 9

claims in this lawsuit fall squarely in this class and accordingly I will summarily dismiss the action under § 1915A(b)(1) as frivolous.

A separate Final Order will be entered herewith.

DATED: August 6, 2014

/s/ James P. Jones
United States District Judge

-3-

Case 7:14-cv-00410-JPJ-RSB   Document 2   Filed 08/06/14   Page 3 of 3   Pageid#: 10